ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
Wallace H. Kleindienst
Mary Sue Feldmeier
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
wallace.kleindienst@usdoj.gov
mary.sue.feldmeier@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>vs.<br><br>Jonathan Lee Riches,<br><br>          Defendant. | CR 18-1369-JGZ(LAB)<br><br>PLEA AGREEMENT |

The United States of America and defendant Jonathan Lee Riches agree to the following disposition of this matter:

PLEA ~~Indictment~~

Defendant agrees to plead guilty to an ~~Information~~ Indictment charging him with a violation of Title 18 United States Code, Section 1001(a)(3), False Statements, a Class D felony.

ELEMENTS OF THE CRIME

The essential elements of False Statements, each of which the government must prove beyond a reasonable doubt, are: 1) the defendant knowingly made and used a writing that contained one or more false fictitious and fraudulent statements and representations, 2) in a matter within the jurisdiction of the United States District Court, part of the judicial branch of the United States government; 3) the defendant acted willfully, that is, the defendant acted deliberately and with knowledge both that the statements were untrue and

that his conduct was unlawful; and 4) the statements were material to the activities or decisions of the United States District Court, that is, it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities.

## TERMS

Defendant understands his/her guilty plea is conditioned upon the following terms, stipulations, and requirements:

1. <u>Maximum Penalties</u>.

   a. The maximum penalties for a violation of Tile 18 United States Code, Section 641 are a fine of $250,000, a 5-year term of imprisonment, and a 3-year term of supervised release.

   b. Pursuant to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall

   (1) order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663 and Section 5E1.1 of the Guidelines, the court determines that restitution would not be appropriate in this case;

   (2) order defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611 and Section 5E1.2(f) of the Guidelines, defendant establishes the applicability of the exceptions found therein;

   c. Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on defendant of $100.00 per felony count. The special assessment is due at the time defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

2. <u>Agreements Regarding Sentencing</u>.

   a. The government and defendant stipulate pursuant to Federal Rules of Criminal Procedure, Rule 11(c)(1)(C) that the defendant be sentenced to a five year term of probation with the special condition of probation, in addition to other conditions of probation, that the defendant shall not file or attempt to file in any local, state, federal, or foreign court,

any complaint or other legal document or pleading in a name other than his own, whether it be in the name of a true or fictitious individual, and may only file a complaint or other legal document or pleading in his own name if the cause of action is genuine, meritorious and well-founded in fact and law and is not frivolous, specious, fraudulent, and/or vexatious. The filing of a complaint, legal document or pleading in violation of this special condition of probation shall result in a mandatory term of incarceration which length to be decided by the Court. The government is free to ask the Court to impose any other terms of probation including community service or a fine.

  b. Defendant understands that the court is neither a party to nor bound by this agreement and the court has complete discretion to impose the maximum sentence possible for the crime to which defendant has pled. If the court imposes a sentence greater than the maximum term agreed upon by the parties or otherwise rejects the plea agreement, the defendant may withdraw his guilty plea as authorized by Rule 11(d)(2)(A), Fed. R. Crim. P. Defendant understands that he may not withdraw from this plea agreement if the court accepts the agreement.

  c. This agreement is expressly conditioned upon the accuracy of defendant's criminal history as known by the government at the time of the plea. The discovery of any criminal history prior to sentencing in addition to that known by the government shall entitle the government to withdraw from this agreement.

  d. Pursuant to 18 U.S.C. § 3613, the defendant agrees that all financial obligations imposed by the court, including restitution, shall be due immediately upon judgment, shall be subject to immediate enforcement by the government, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property defendant receives may be offset and applied to federal debts (which offset will not affect any periodic payment schedule). If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program pursuant to a payment schedule to be determined by the court. The defendant understands that any schedules of payments imposed by the court, including schedules

imposed while the defendant is incarcerated or on supervised release, are merely minimum schedules of payments and not the only method, nor a limitation on the methods, available to the government to enforce the judgment.

3. <u>Breach of the Agreement</u>.

If defendant fails to comply with any obligation or promise pursuant to this agreement, including the failure to appear at sentencing, the United States

    a.    may, in its sole discretion, declare any provision of this agreement null and void in accordance with paragraph (8) below and defendant understands that she shall not be permitted to withdraw the plea of guilty made in connection with this agreement;

    b.    may prosecute defendant for any offense known to the United States for which defendant is responsible, and defendant waives any statute of limitations, Speedy Trial Act, and constitutional restrictions for bringing charges after the execution of this agreement;

    c.    may argue for a maximum statutory sentence for the offenses to which defendant has pled guilty.

4. <u>Waiver of Defenses and Appeal Rights</u>.

The defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The sentence imposed is consistent with the terms of this agreement The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her

conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

5. <u>Perjury and Other False Statement Offenses and Other Offenses</u>. Nothing in this agreement shall be construed to protect defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement.

6. <u>Reinstitution of Prosecution</u>.

If defendant's guilty plea is rejected, withdrawn, vacated or reversed at any time, the United States will be free to prosecute defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions or defenses based upon the statute of limitations, the Speedy Trial Act or constitutional restrictions in bringing the later charges or proceedings. Defendant understands that any statements made at the time of defendant's change of plea or sentencing may be used against defendant in any subsequent hearing, trial or proceeding as permitted by Fed R. Crim. P. 11(f).

7. <u>Disclosure of Information to U.S. Probation Office</u>.

a. Defendant understands the United States' obligation to provide all information in its file regarding defendant to the United States Probation Department.

b. Defendant will cooperate fully with the United States Probation Department. Such cooperation will include truthful statements in response to any questions posed by the Probation Department, including, but not limited to (1) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (2) all

financial information, e.g., present financial assets or liabilities that relate to the ability of defendant to pay a fine or restitution; (3) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (4) all history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

## FACTUAL BASIS

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty, and that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

On a date prior to March 15, 2016, I knowingly and fraudulently prepared a Complaint to be filed in the United States District Court For the District of Arizona, part of the judicial branch of the United States Government, in the name of Jared Lee Loughner, Plaintiff. v. Gabrielle Giffords, Federal Bureau of Prisons, under 42 United States Code Section 1983, violation of civil rights, seeking from Gabrielle Giffords (Giffords) and the Bureau of Prisons, $25,000,0000 in punitive damages from Giffords for emotional and psychological distress. That Complaint falsely alleged that Jared Lee Loughner (Loughner) was illegally incarcerated and that he was actually innocent. That Complaint contained a number of false and fraudulent statements that included without limitation that Giffords was never shot and pretended she was hit, that Giffords is part of a global plot to take away our civil liberties, that Giffords used govt pensions and life insurance to fininance (sic) the 2 san bernadino shooters, and that Giffords violated Loughner's civil and constitutional rights. I knew that all of the allegations in the Complaint were false and fraudulent. I knew at the time that Loughner had been convicted in the United States District Court for attempting to murder Gabrielle Giffords in Tucson, Arizona on January 8, 2011.

I mailed the said Complaint to the United States District Court in Phoenix, Arizona from Philadelphia, Pennsylvania on March 15, 2016. The Complaint was received by the Clerk of the Court on March 18, 2016. It was filed and assigned case number CV-16-00748-PHX-DJH-MHB. I filed the Complaint with the intent to cause emotional distress and harm

to Giffords through the false statements made in the Complaint and to disrupt the due administration of justice by filing the false and fraudulent Complaint with the United States District Court under the name of another individual who had not in fact filed the Complaint.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of this plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering a plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination—all with the assistance of counsel—and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined according to the guidelines promulgated pursuant to the Sentencing Reform Act of 1984. I understand that any Guideline Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate. I further understand that under certain limited circumstances the court may depart upward or downward from the calculated guideline range.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time.

I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

9/14/18
Date

Jonathan Lee Riches
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the sentencing guideline concept with defendant. No assurances, promises, or representations

have been made to me or to defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

9/14/18
Date

Saul Huerta, ESQ.
Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

9/14/18
Date

Wallace H. Kleindienst
Assistant U.S. Attorney

- 9 -