**SAUL M. HUERTA**
*Attorney at Law*
State Bar of Arizona No. 018410
100 N. Stone, Suite 601
Tucson, Arizona 85701
(520) 230-8255
*saulmhuerta@gmail.com*
Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | CR-18-1369-TUC-JGZ |
| v. | SENTENCING MEMORANDUM |
| Jonathan Lee Riches, | |
| Defendant. | |

## SENTENCING MEMORANDUM

## I. INTRODUCTION

Mr. Riches committed the instant offense in part due to his mental health issues and in part because of substance abuse history. Mr. Riches requests forgiveness from this Court for his actions. He would like the court to know that he is working to better himself while under court supervision

1

Mr. Riches requests a sentence of a term of probation of five years, as recommended in the presentence report, in accordance and in agreement with the plea agreement in this case.

## II.  SENTENCING OPTIONS

In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Supreme Court found mandatory enforcement of the United States sentencing guidelines to be unconstitutional, but preserved the guideline sentencing scheme by severing those provisions of the Sentencing Reform Act that made the guidelines mandatory. Consequently, the guidelines are now "effectively advisory." <u>Booker</u>, 125 S.Ct. at 757; <u>United States v. Ameline [Ameline III]</u>, 409 F.3d 1073, 1077 (9th Cir. 2005). As modified, sentencing courts are to consider guidelines ranges but are permitted to tailor sentences in light of other statutory concerns. <u>See</u> 18 U.S.C. § 3553(a); <u>Booker</u>, 125 S.Ct. at 757-69. In other words, sentencing courts, "while not bound to apply the guidelines, must consult those guidelines and take them into account when sentencing." <u>Booker</u>, 125 S.Ct. at 767 (citation omitted).

Under <u>Booker's</u> remedial scheme, courts should follow the same procedures already employed under the guidelines, first resolving all disputes about the application of the guidelines in compliance with Fed. R. Crim. P. 32(I) and then determining the advisory guideline range. Under 18 U.S.C. § 3553(a), the Court must arrive at and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth" here:

(2) the need for the sentence imposed–

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).  In doing so, the Court is called upon to consider these factors:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    . . . .

    (3) the kinds of sentences available;

    (4) the kinds of sentence and the sentencing range established for–

        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;

    (5) any pertinent policy statement . . . [issued by the Sentencing Commission];

3

>> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Thus, 18 U.S.C. § 3553(a) instructs a sentencing court to consider the established guideline sentencing range, subsection (4), as one of many factors relevant in determining a reasonable sentence.

### III.  REASONS FOR A LENIENT SENTENCE

Mr. Riches is a person who has suffered and continues to suffer from mental health problems that affect his decision -making faculties. While this is no excuse for his actions, it does mean that mental health treatment, with the use of medication if so indicated, can lead to Mr. Riches leading a law-abiding life. Thus, a term of five years of probation can make sure that the United States Probation Office can monitor Mr. Riches so that he is on the correct medication, if any, to deal with his mental health issues.

Mr. Riches has also been attempting to become a better citizen. Last year, he took part in a food drive to help the victims of Hurricane Michael in the Florida panhandle. He has also volunteered to clean up streets both in Pennsylvania, where his parents live, and in the local roads where he lives in Florida. Although these may be small steps, it indicates an individual who is on his way to moving past his previous bad actions.

\ \ \

## IV.  CONCLUSION

Mr. Riches committed this offense in part due to his mental health issues.  The plea agreement, with a sentence of five years of supervised probation, guarantees that he will be monitored so that he will not engage in this type of behavior, and if he does he would suffer harsh consequences, and also makes sure that he gets needed medical treatment which also lessens the likelihood of recidivism.

**RESPECTFULLY SUBMITTED** this 25th day of March 2019.

*/s/ Saul M. Huerta*
**SAUL M. HUERTA**
Attorney for Defendant

Copy to:

THE HONORABLE JENNIFER G. ZIPPS
United States District Court

MARY SUE FELDMEIER, Assistant
WALLACE HEATH KLEINDIENST, Assistant
United States Attorney's Office

CHRISTY A. FERASIN
U.S. Probation Officer